O

# United States District Court
# Central District of California

GCIU-EMPLOYER RETIREMENT
FUND; and BOARD OF TRUSTEES OF
THE GCIU-EMPLOYER RETIREMENT
FUND,

                Plaintiffs,

      v.

QUAD/GRAPHICS, INC.,

                Defendant.

Case № 2:16-cv-00100-ODW (AFMx)

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO DISMISS AND STAY
[34]**

## I.  INTRODUCTION

Plaintiffs GCIU-Employer Retirement Fund ("Fund") and Board of Trustees of the GCIU-Employer Retirement Fund (collectively "GCIU") bring this action against Defendant Quad/Graphics, Inc. under the Employee Retirement Income Security Act of 1974 ("ERISA").  GCIU alleges, in relevant part, that Defendant failed to make certain required contributions to its employees' pension plan.  GCIU also alleges that Defendant violated its statutory and contractual obligation to provide records and information to GCIU regarding those contributions.  Defendant now moves to dismiss the claim for delinquent contributions and to stay the claim relating to the obligation

to provide records and information.   For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion.[1]  (ECF No. 34.)

## II.   FACTUAL BACKGROUND

The Fund is a multiemployer pension plan within the meaning of ERISA.  (First Am. Compl. ("FAC") ¶ 9, ECF No. 33.)  Defendant is a company in the commercial printing business, and maintains facilities in Versailles, Kentucky; Dixon, Tennessee; Fernley, Nevada; and Waukee, Iowa.  (*Id.* ¶¶ 12, 51, 53–55.)  The employees at each facility entered into collective bargaining agreements ("CBAs") with Defendant, and each CBA required Defendant to contribute to the Fund when its employees accrued but did not use their vacation time.  (*Id.* ¶¶ 51, 53–55.)  At some point, Defendant informed GCIU that it failed to pay approximately $14,000 to the Fund for unused vacation time accrued by employees at the Versailles facility between 2009 and 2011.  (*Id.* ¶¶ 38, 52.)   GCIU asked Defendant to provide the information and records necessary to determine the exact amount owed, but Defendant refused.  (*Id.* ¶ 64.)

On January 6, 2016, GCIU filed this action, seeking to collect, among other things, the $14,000 in unpaid contributions for the Versailles facility, plus liquidated damages and interest.[2]  (ECF No. 1.)  GCIU also alleged that Defendant may owe contributions for unused vacation time accrued by employees at its other facilities.  (*Id.* ¶ 49.)  GCIU noted, however, that it was unable to calculate the exact amounts outstanding due to Defendant's refusal to produce the documents it needed to do so.  (*Id.* ¶ 50.)   Defendant moved to dismiss GCIU's Complaint, arguing, among other things, that GCIU had failed to plead sufficient facts in support of this claim.  (ECF No. 18.)  The Court concluded that GCIU failed to allege such critical facts as which

---

[1] After considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

[2] GCIU also sought to compel Defendant to make interim payments on a withdrawal liability assessment.  This Court denied Defendant's prior Motion to Dismiss that claim, *GCIU-Emp. Ret. Fund v. Quad/Graphics, Inc.*, No. 216CV00100ODWAFMX, 2016 WL 1118208, at *3–4 (C.D. Cal. Mar. 22, 2016), and thus only the claim for unpaid contributions is at issue in this Motion.

of Defendant's other facilities were at issue and what the terms of the relevant CBAs were, and thus dismissed the claim with leave to amend. *Quad/Graphics, Inc.*, 2016 WL 1118208, at \*5–6.

Two days later, GCIU filed a First Amended Complaint, in which it identified the other of Defendant's facilities at issue and the terms of the CBAs that were allegedly breached. (ECF No. 33.) In addition, GCIU alleged that Defendant's refusal to provide records and information to GCIU concerning its employees' unused vacation time violates both 29 U.S.C. § 1399(a) and the terms of the CBAs, and thus seeks an order compelling Defendant to provide the relevant information. (*Id.* ¶¶ 60–61, 64–71.) Defendant moved to dismiss the claim for delinquent contributions, and moved to stay GCIU's request to compel disclosure of documents under § 1399(a). (ECF No. 34.) GCIU timely opposed, and Defendant timely replied. (ECF Nos. 35, 36.) That Motion is now before the Court for consideration.

## III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as

true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed, even if not requested by the plaintiff.  *See* Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  However, a court may deny leave to amend when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   DISCUSSION

Defendant argues that GCIU has not alleged sufficient facts to state a claim for relief for delinquent contributions.  (Mot. 7–9.)  Defendant also argues that the Court should stay GCIU's request to compel Defendant to make certain records and information available to GCIU pursuant to 29 U.S.C. § 1399(a), because this issue is currently pending before another court.  (Mot. 9–11.)  Finally, Defendant argues in the alternative that the Court should dismiss the allegations regarding § 1399(a) because Defendant is no longer an "employer" within the meaning of that subsection.  (Mot. 11–13.)  The Court concludes that GCIU has pleaded sufficient facts in support of its claim for delinquent contribution, but that it is appropriate to stay the § 1399(a) issue.

### A.   Failure to Plead Sufficient Facts

Defendant contends that GCIU must state the exact amount due for each employee in order to state a claim for relief, and that GCIU cannot base any of its allegations on information and belief.  Both arguments are squarely contrary to the federal notice pleading system.

After *Twombly* and *Iqbal*, the Ninth Circuit announced two requirements for all civil complaints.  "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but

must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (quoting *Twombly*, 550 U.S. at 555)).  "The theory of the federal rules is that once notice-giving pleadings have been served, the parties are to conduct discovery in order to learn more about the underlying facts." *Starr*, 652 F.3d at 1212.

GCIU's First Amended Complaint satisfies both requirements.  ERISA requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement [to] . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."  (FAC ¶ 47 (quoting 29 U.S.C. § 1145).)  GCIU alleges that the CBAs for the Versailles, Dixon, Fernley, and Waukee facilities required Defendant to "report[] and pay[] contributions to [the Fund] for vacation and personal time paid to its employees" according to a specific formula.  (*Id.* ¶¶ 48.)  GCIU then quotes the relevant language in those CBAs.  (*Id.* ¶¶ 51, 53–55.)  With respect to the Versailles facility, GCIU alleges that Defendant "failed to pay . . . all of the contributions admittedly owed" for 2009 to 2011, and that Defendant also owes unpaid contributions for 2012 and 2013.  (*Id.* ¶¶ 38, 52, 56–57.)  With respect to the other facilities, GCIU alleges that Defendant owes contributions for unused vacation time accrued by its employees from 2009 to 2012.  (*Id.* ¶ 58.)  These allegations are more than sufficient to give Defendant "fair notice" of the claim against it, and they plausibly suggest that GCIU is entitled to the relief it has requested.

1    Defendant cites no authority for the proposition that GCIU must plead the exact
2    amounts due for each employee,[3] and gives no reasonable explanation as to why
3    GCIU's complaint fails the fair-notice test without it.  The FAC clearly identifies the
4    specific type of contributions allegedly outstanding; figuring out how much is owed is
5    precisely what discovery is for.  Defendant's position is particularly puzzling given
6    that it is apparently the one with *exclusive* access to the information needed to
7    calculate the amounts allegedly owed for each facility.  Indeed, it was Defendant that
8    originally informed GCIU of the outstanding contributions for the Versailles facility
9    and the approximate amount owed.  As a result, the underlying implication of
10   Defendant's argument—that it has no idea what GCIU is talking about and thus does
11   not know how to defend itself in this action—is not well-taken.

12       Finally, Defendant argues that GCIU cannot rely solely on information and
13   belief to allege that Defendant owes contributions for unused vacation time.  The
14   Court is unpersuaded by this argument as well.  Even after *Iqbal* and *Twombly*,
15   numerous courts have held that facts may be pleaded on information and belief—
16   especially where, as here, the underlying evidence is peculiarly within the defendant's
17   possession.  *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)
18   ("The *Twombly* plausibility standard, which applies to all civil actions, does not
19   prevent a plaintiff from 'pleading facts alleged 'upon information and belief' where
20   the facts are peculiarly within the possession and control of the defendant.'" (citations
21   omitted)); *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008); *see also Waldo v. Eli
22   Lilly & Co.*, No. CIV. S-13-0789 LKK, 2013 WL 5554623, at *5 (E.D. Cal. Oct. 8,
23   2013) ("[D]istrict courts may properly consider allegations pled on information and

---

[3] Defendant points to language in the Court's Order on its prior Motion to Dismiss, which reads:
"[I]t would be beneficial for GCIU to amend its claim to state what it is still owed for all facilities (in
principle, if not an exact amount)."  *Quad/Graphics, Inc.*, 2016 WL 1118208, at *5.  However, as
the Court intended to make clear in the parenthetical, this does not mean that GCIU's complaint
would not comply with Rule 8 unless it alleged the exact amount owed.  Rather, GCIU may simply
allege "in principle" what Defendant still owes GCIU.  GCIU has done this.

1   belief in determining whether claims have been adequately pled under Rule 8.");

2   *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 999 (N.D. Cal. 2009) ("Under the

3   Rule 8(a) pleading standard, plaintiff may base her claims on information and

4   belief."); *Dixie v. Virga*, No. 2:12-CV-2626-MCE-DAD, 2015 WL 412298, at *6

5   (E.D. Cal. Jan. 30, 2015); 5 Charles Alan Wright et al., *Federal Practice and

6   Procedure* § 1224 (3d ed. 1998).   Defendant cites no case holding that a plaintiff is

7   required to plead the facts on which its belief is founded.   Moreover, the fact that

8   GCIU conceded that it is unable to calculate the *exact* amount owed does not preclude

9   GCIU from alleging on information and belief that *some* amount is outstanding.   For

10   these reasons, the Court concludes that GCIU has sufficiently pleaded a claim for

11   delinquent contributions under ERISA.

12   **B.   Section 1399(a) Allegations**

13   Defendant next argues that the Court should stay GCIU's request to compel

14   Defendant to produce information and documents under § 1399(a).   Two days after

15   GCIU first filed this action, Defendant filed an action against GCIU in the Eastern

16   District of Wisconsin, seeking, in relevant part, a judicial declaration that Defendant

17   was not required to produce anything to GCIU under § 1399(a) because it is not an

18   "employer" under that subsection.   (Def.'s Req. for Judicial Notice, Ex. D, ECF No.

19   37-1.)   GCIU moved to dismiss that claim, and that Motion is currently under

20   submission before that court.   (Mot. 9.)   Defendant argues that it would needlessly

21   duplicate judicial resources for this Court to decide the very same issue, and thus

22   requests that the Court stay the § 1399(a) claim in this action pending a ruling on

23   GCIU's Motion in the other action.   The Court agrees.

24   A district court has "discretionary power to stay proceedings in its own court."

25   *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005); *see also Landis v. N.

26   Am. Co.*, 299 U.S. 248, 254 (1936).   "'Where it is proposed that a pending proceeding

27   be stayed, the competing interests which will be affected by the granting or refusal to

28   grant a stay must be weighed.   Among those competing interests are the possible

damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The Court concludes that each factor favors a stay. The issue before both this Court and the Wisconsin court is the same: whether or not Defendant is an "employer" within the meaning of § 1399(a). The Court fails to see what harm GCIU will suffer by briefly staying the claim while the Wisconsin court issues a ruling on the pending motion to dismiss. On the other hand, if the Court did not stay the claim and instead decided the issue now, there would be a substantial possibility that the parties would be subjected to conflicting judgments and legal determinations. Given that the question was put before the Wisconsin court first,[4] comity dictates that this Court should defer to the Wisconsin court's adjudication of the issue. *Cf. Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239–40 (9th Cir. 2015) (where a complaint involving the same parties and same issues has already been filed in another district, considerations of economy, consistency, and comity dictate that the later-filed action should be stayed pending resolution of the first-filed action). Finally, the "orderly course of justice" would certainly be promoted by a stay, for the Wisconsin court's decision on the matter would either dispose of or substantially narrow the issues concerning the § 1399(a) claim based on various preclusion doctrines.

However, the Court's stay should not be construed as an injunction against

---

[4] Although the original complaint in this case was filed two days before the Wisconsin action, GCIU did not seek affirmative relief with respect to the § 1399(a) issue until it filed the FAC three months later. On the other hand, Defendant sought affirmative relief on the § 1399(a) issue in its original complaint in the Wisconsin court. Moreover, GCIU asked the Wisconsin court to decide the issue by filing a motion to dismiss there before it filed the FAC in this action. For these reasons, the Court agrees with Defendant that the § 1399(a) issue was put before the Wisconsin court first.

GCIU seeking discovery from Defendant relevant to its claim for delinquent contributions. The Court has concluded that GCIU has stated a claim for delinquent contributions, and thus GCIU is entitled to conduct discovery on that claim as allowed by the Federal Rules of Civil Procedure—which may include depositions, document requests, requests for admissions, and interrogatories intended to discover the exact amount owed. *See* Fed. R. Civ. P. 30, 33, 34, 36. Moreover, to the extent that GCIU states a claim based on Defendant's violation of its *contractual* duty to supply such documents and information to GCIU, that a claim is not before the Wisconsin court and thus is not stayed in this action.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss and Stay. (ECF No. 18.) Defendant's Motion is denied in its entirety with respect to GCIU's claim for delinquent contributions. However, Defendant's Motion to Stay GCIU's § 1399(a) claim is granted. When the Wisconsin court issues a ruling on GCIU's Motion to Dismiss, GCIU shall immediately file a copy of that ruling with this Court. Defendant's Motion to Dismiss GCIU's § 1399(a) claim in this action is denied without prejudice.

**IT IS SO ORDERED.**

May 26, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**