**O**

United States District Court
Central District of California

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND and BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND,<br><br>                Plaintiffs,<br>  v.<br>QUAD/GRAPHICS, INC.,<br><br>                Defendant. | Case № 2:16-cv-00100-ODW (AFMx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO TAKE DEPOSITION [94] AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR EARLY CONSIDERATION OF MOTION IN LIMINE [98]** |

## I. INTRODUCTION

Before the Court are Defendant Quad/Graphics, Inc.'s ("Quad") motion for leave to take the deposition of David McCarthy and its motion for early consideration of a motion in limine or, in the alternative, for leave to take the deposition of three auditors identified by Plaintiffs GCIU-Employer Retirement Fund and Board of Trustees of the GCIU-Employer Retirement Fund (collectively "the Fund"). (ECF Nos. 94, 98.) For the reasons discussed below, the Court **GRANTS** Quad's motion for leave to take McCarthy's deposition, **DENIES** Quad's request for early consideration of its motion in limine, and **GRANTS** Quad's request for leave to take

the auditor depositions.[1]

## II. BACKGROUND

The Fund is a multiemployer pension plan within the meaning of the Employee Retirement Income Security Act ("ERISA"). Quad was previously obligated to contribute to the Fund on behalf of its employees. Quad allegedly failed to pay certain contributions to the Fund, and thus the Fund filed this action to recover those contributions. (ECF No. 1.) In August 2016, the Court issued a scheduling order, wherein it set this matter for trial on June 6, 2017. (ECF No. 44.) After discovery closed and the parties filed cross-motions for summary judgment, the Court vacated the trial date. (ECF No. 92.) The Court subsequently issued an order granting the Fund's motion for partial summary judgment, denying Quad's motion for summary judgment, and resetting the trial date on the Fund's delinquent contribution claim for September 26, 2017. (ECF No. 93.) The Court did not reopen discovery. (*Id.*) One week later, Quad moved for leave to take the deposition of its own witness, David McCarthy, in order to preserve his testimony for trial. (ECF No. 94.) Quad also moved for early consideration by the Court of a motion in limine to exclude evidence of damages based on the Fund's failure to disclose such evidence during discovery. (ECF No. 98.) In the alternative, Quad seeks leave to depose three auditors designated by the Fund to testify regarding damages. (*Id.*) Those motions are now before the Court for consideration.

## III. DISCUSSION

**A. Motion for Leave to Take Deposition**

Quad moves for leave to take the deposition of its own witness, David McCarthy. Quad previously disclosed McCarthy as a potential witness and designated him to testify regarding Quad's obligation to contribute to the Fund under various collectively bargaining agreements. McCarthy was prepared to testify in-

---

[1] After considering the papers filed in connection with the motions, the Court deems them appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. The Court therefore **VACATES** the hearing on these motions.

2

person at the previously-scheduled June 2017 trial; however, McCarthy was recently diagnosed with cancer, and thus will be unable to testify in-person at the September 2017 trial. The Fund never deposed McCarthy before the discovery cutoff, and thus Quad seeks to take his deposition to preserve his testimony for trial. The Court agrees that this constitutes good cause to grant Quad leave to take his deposition.

A party must show "good cause" for relief from a deadline set in a scheduling order, including the discovery cutoff. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citations omitted).

Here, there was no lack of diligence on Quad's part. Quad disclosed McCarthy as a witness during discovery and reasonably believed that he would be able to testify at trial—and thus did not take his deposition. Quad could not have anticipated that the Court would continue the trial to a date where McCarthy would be unavailable to testify due to a serious medical condition. Thus, Quad has shown good cause to take his deposition after the discovery cutoff.

The Fund contends that the Court should deny Quad's motion because: (1) Quad failed to meaningfully meet and confer with the Fund, in violation of Local Rule 7-3, regarding a stipulation on the substance of McCarthy's testimony; and (2) his testimony is likely irrelevant and/or duplicative and thus there is no "good cause" to take his deposition. Neither argument warrants denying this motion. First, while the

parties have not yet reached a stipulation regarding the substance of McCarthy's testimony, Quad states that it has met and conferred (and will continue to meet and confer) with the Fund on this issue. If the parties do not reach an agreement, however, the prudent course of conduct on Quad's part is to file this motion well in advance of the pending trial date—as it does now. Under these circumstances, the Court finds Quad's meet and confer efforts sufficient for the purposes of Local Rule 7-3. Second, the "good cause" analysis simply requires Quad to demonstrate that it was not careless in failing to take McCarthy's deposition earlier. *Johnson*, 975 F.2d at 609. Quad has done that. Whether his testimony is ultimately irrelevant or duplicative is not pertinent to a grant of relief under Rule 16(b)(4).[2] That said, the Court strongly encourages the parties to stipulate to the substance of McCarthy's testimony where possible. The failure to stipulate to obviously undisputed facts wastes both the parties' and the Court's resources and may result in sanctions.

**B.  Motion for Early Consideration of Motion in Limine**

Quad contends that the Court should exclude evidence of damages that the Fund did not disclose during discovery. This includes four exhibits summarizing Quad's outstanding contributions, and the testimony of three auditors to interpret these exhibits and the underlying evidence. Quad also argues that the auditors are giving expert testimony and thus the Fund's failure to produce an expert report on their behalf precludes them from testifying at trial. Quad therefore moves for early consideration of its motion in limine to preclude such evidence or, in the alternative, for leave to take the depositions of the Fund's auditors.

The Court concludes that early consideration of Quad's contemplated motion in limine is inappropriate. Exclusion of information, evidence, or witnesses at trial based

---

[2] To the extent some other Rule or authority would bar his deposition based on relevance or the duplicative nature of the testimony, the Fund fails to cite it and thus waives any such argument. *See Heft v. Moore*, 351 F.3d 278, 285 (7th Cir. 2003) ("The failure to cite cases in support of an argument waives the issue . . . ."); *United States v. Karl*, 264 F. App'x 550, 553 (9th Cir. 2008) ("Failure to cite to valid legal authority waives a claim.").

on a party's failure to comply with disclosure requirements is appropriate only where "the failure was [not] substantially justified or is [not] harmless." Fed. R. Civ. P. 37(c)(1). Whether or not the failure is "harmless" depends in part on whether the surprise or prejudice to the opposing party can reasonably be cured. *See, e.g.*, *Allen v. Similasan Corp.*, 306 F.R.D. 635, 640 (S.D. Cal. 2015). The possibility of cure is a particularly important factor where, as here, excluding the evidence would deal a fatal blow to a party's claims. *See R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012). Here, there are almost four months before this matter proceeds to trial, which is a substantial window for the parties to work together to cure any surprise or prejudice caused by the Fund's belated disclosure. It is therefore premature for the Court to exclude any evidence under Rule 37. As a result, the Court must deny Quad's motion for early consideration of its motions in limine. However, the Court grants Quad's request for leave to take the deposition of the Fund's three auditors, to which the Fund does not object.

## IV. CONCLUSION

For the reasons discussed above, the Court: (1) **GRANTS** Quad's motion for leave to take the deposition of David McCarthy; (2) **DENIES** Quad's motion for early consideration of its motion in limine; and (3) **GRANTS** Quad's motion for leave to take the depositions of Kyle Whittemore, Carl Coates, and Patrick H. Lynch. (ECF Nos. 94–98.)

**IT IS SO ORDERED.**

June 5, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**