# United States District Court
# Central District of California

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> QUAD GRAPHICS, INC <br><br> Defendant. | Case No. 2:16-cv-0100-ODW(AS) <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION [164]** |

## I. INTRODUCTION

This case concerns withdrawal liability under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). Presently before the Court is Plaintiffs' Motion for Reconsideration. (ECF No. 164.) For reasons that follow, Plaintiffs' Motion is **DENIED**.[1]

## II. FACTUAL BACKGROUND

The Court addressed the factual allegations and procedural history relevant to this case in its Motion for Summary Judgment Order and incorporates that discussion here by reference. (*See* ECF No. 93.) On September 27 and 28, 2017, the Court conducted a two-day bench trial. On November 2, 2017, Defendant submitted its post-

---

[1] After considering the papers filed in connection with this Motion, the Court deemed this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

trial brief (ECF No. 147.) and eight days later, on November 10, 2017, Plaintiffs did as well. (ECF No. 148.) On March 9, 2018, the Court issued its Findings of Fact and Conclusions of Law, which held, among other things, that the Fernley Collective Bargaining Agreement ("CBA") ended on December 30, 2010. (ECF No. 150.) Plaintiff urges the Court reconsider this finding in the instant Motion. (ECF No. 164.)

### III. LEGAL STANDARD

A motion for reconsideration under Civil Local Rule 7-18 or Federal Rule of Civil Procedure ("FRCP") 59(e) may be made on the following grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. Civ. L.R. 7-18; *see In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013). Consistent with Local Rule 7-18, the Federal Rules of Civil Procedure provide that "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also* Fed. R. Civ. P. 59(e). "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007). "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. Civ. L.R. 7-18; *see also Classic Concepts, Inc. v. Linen Source, Inc.*, 716 F.3d 1282 (9th Cir. 2013).

## IV. DISCUSSION

As an initial matter, it is necessary to first understand the claims raised by Plaintiffs in their Complaint to avoid wading deeply into a morass. In the Complaint, Plaintiffs brought two causes of action: 1) to recover certain interim withdrawal liability payments under 29 U.S.C. § 1401(d); 2) to recover unpaid contributions for vacation time paid to Defendant's employees under 29 U.S.C. § 1145. (First Am. Compl. 9–10, ECF No. 33.) The important takeaway is that the Court is concerned only with vacation compensation.

Plaintiffs argue that the Court committed clear error by finding that the Fernley CBA expired on December 31, 2010. (Mot. for Recons. 4, ECF No. 164) In support of this argument, Plaintiffs offer four arguments: (1) that a letter to Plaintiffs from Defendant demonstrates that the Fernley CBA terminated on February 1, 2011 (Mot. for Recons. 5, ECF No. 164-1.); (2) that Defendant's contributions in 2011 must have been pursuant to a CBA, as opposed to any other method of contribution (*Id.*); (3) that testimony offered during trial conclusively establishes that the Fernley CBA did not expire on December 31, 2010 (*Id.* at 6.); and (4) that Defendant is liable for 2011 contributions due to an evergreen clause that automatically renewed the Fernley CBA for one-year terms unless either party provided sixty days' notice of termination (*Id.*).

Plaintiffs face a high bar, because clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Moreover, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1118–19 (W.D. Wash. 2010) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Plaintiffs' first two arguments fall short because they do not connect the proverbial dots necessary to build the requisite firm conviction underlying clear error. Specifically, Plaintiffs' first argument is unavailing because merely pointing to a letter

from defendant mentioning contribution against the backdrop of a contrary court finding without indicating that vacation payments are at issue is not enough to prove clear error. The second argument likewise fails because it incorrectly assumes that the only plausible reason Defendant could have made contributions in 2011 is under the Fernley CBA. Plaintiffs third argument is similarly unavailing because the testimony on which Plaintiffs rely explicitly describes pension contribution payments, as opposed to vacation payments. Finally, Plaintiffs fourth argument also fails because it constitutes an impermissible new offering, as the evergreen clause was not raised during trial or during post-trial briefing.

In sum, Plaintiffs' arguments do not yield a definite and firm conviction that a mistake has been committed.

## V. CONCLUSION

Accordingly, Plaintiffs' Motion for Reconsideration (ECF No. 164.) is **DENIED**.

December 12, 2018

_____
 **OTIS D. WRIGHT, II
 UNITED STATES DISTRICT JUDGE**