# United States District Court
# Central District of California

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND AND BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND,<br><br>Plaintiffs,<br><br>v.<br><br>QUAD/GRAPHICS, INC.,<br><br>Defendant. | Case No. 2:16-cv-00100-ODW (AFMx)<br><br>**FINAL JUDGMENT** |

Whereas, Plaintiffs GCIU-Employer Retirement Fund and the Board of Trustees of the GCIU-Employer Retirement Fund (collectively, "ERF") commenced this action against Defendant Quad/Graphics, Inc. ("Quad") under the Employee Retirement Income Security Act of 1974 ("ERISA"), § 1001 *et seq.* to (1) collect interim withdrawal liability payments due under 29 U.S.C. §§ 1399(c)(2), 1401(d), 1132(g)(2) and 1145; (2) to collect unpaid contributions pursuant to 29 U.S.C. § 1145; and (3) comply with a request for information pursuant to 29 U.S.C. § 1399(a);

Whereas, on May 8, 2017, after having considered ERF's motion for partial summary judgment and Quad's motion for summary judgment on all claims, the Court

issued an Order Granting Plaintiffs' Motion for Partial Summary Judgment, Denying in Part Defendant's Motion for Summary Judgment, and Dismissing ERF's 29 U.S.C. § 1399(a) Request for Information Claim. (Order Granting Mot. Summ. J., ECF No. 93.) For the reasons stated therein, the Order granted ERF's motion for partial summary judgment on its claim to collect interim withdrawal liability payments and required Quad to make eleven monthly interim contributions due on ERF's 2010 partial withdrawal liability assessment for the months of July 2015 through May 2016 in the monthly amount of $321,151.22, for a total of $3,532,663.42; 10% interest per annum; and 20% in liquidated damages. (Order Granting Mots. Summ. J. 9–11.) The Court also dismissed *sua sponte* ERF's claim against Quad for the violation of 29 U.S.C. § 1399(a), finding the claim moot as a result of the Court's decision. (Order Granting Mot. Summ. J. 14.);

Whereas, on March 9, 2018, following a bifurcated bench trial and after considering the parties' supplemental briefing, the Court issued Findings of Fact and Conclusions of Law, finding for reasons stated therein that Quad did not owe contributions to ERF for 2011 vacation entitlements at Quad facilities in Dickson, Tennessee ("Dickson"), Fernley, Nevada ("Fernley"), Waukee, Iowa ("Waukee"), and/or Versailles, Kentucky ("Versailles"). (Findings of Fact and Conclusions of Law, ECF No. 150.);

Whereas, on October 29, 2019, after considering the parties' briefing on Quad's Motion for Judgment on All Remaining Claims, and for the reasons stated therein, the Court issued an Order Granting In Part Quad's Motion as to ERF's claim for unpaid contributions at Quad's Fernley, Dickson and Waukee facilities. (Order Granting Mot. J. 15–16, ECF No. 203.) The Court issued Findings of Fact and Conclusions of Law, ruling that Quad owed no contributions for vacation paid at the Fernley, Waukee, and Dickson facilities in 2009, 2010, and 2011 for vacation day benefits awarded but not used in the prior calendar year (Order Granting Mot. J. 14–15.) The Court also granted judgment to ERF for unpaid contributions due to ERF for the

Versailles facility in the principal amount of $15,131.09 based on Exhibit 1041 ($6,092.75 on 2008 unused vacation; $5,005.13 for 2009 unused vacation, and $4,033.21 for 2010 unused vacation), 10% simple interest per annum until paid, and 20% in liquidated damages totaling $3,036.22. (Order Granting Mot. J. 10–11.); and

Whereas, the Court also concluded in its October 29, 2019 Order that (1) ERF was entitled to its attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) ("the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant"); (2) ERF is entitled to recover the sums charged by its auditors plus any additional costs to date; and (3) the recoverable audit costs shall be submitted for the Court's consideration by application once a judgment is issued;

It is therefore **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. ERF is awarded $3,532,663.42, plus 10% interest per annum and liquidated damages of 20% on its interim withdrawal liability payments claim;

2. The Court **DISMISSES WITH PREJUDICE** ERF's request for information claim under 29 U.S.C. § 1399(a);

3. The Court enters **JUDGMENT in favor of Quad** on the following delinquent contribution claims under 29 U.S.C. § 1145:

    a. ERF's claims for delinquent contributions on 2011 vacation entitlements at the Versailles, Dickson, Fernley, and Waukee facilities;

    b. ERF's claims for delinquent contributions on 2008 unused vacation, paid in 2009, at the Dickson, Fernley, and Waukee facilities;

    c. ERF's claims for delinquent contributions on 2009 unused vacation, paid in 2010, at the Dickson, Fernley, and Waukee facilities;

    d. ERF's claims for delinquent contributions on 2010 unused vacation, paid in 2011, at the Dickson, Fernley, and Waukee facilities; and

4. The Court enters **JUDGMENT in favor of ERF** on its delinquent contribution claim under 29 U.S.C. § 1145 for 2008, 2009 and 2010 allotted but unused vacation (and personal) days, paid in 2009, 2010, and 2011 respectively, at the

1 | Versailles facility, and awards ERF unpaid contributions of $15,131.09 in principal, 10% simple interest per annum (to be calculated on the $6,092.75 owed in contributions for the 2008 allotted but unused vacation paid in January 2009; $5,005.13 owed in contributions for the 2009 allotted but unused vacation paid in January 2010, and $4,033.21 owed in contributions for the 2010 allotted but unused vacation paid in January 2011) until paid; and 20% liquidated damages in the amount of $3,036.22; and

5. ERF is entitled to recover the sums charged by its auditors plus any additional costs incurred to date, and attorneys' fees and costs under 29 U.S.C. § 1132(g)(2)(D), which shall be submitted for the Court's consideration by application.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

November 19, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

4