O

# United States District Court
# Central District of California

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND AND BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND,<br><br>          Plaintiff,<br><br>    v.<br><br>QUAD/GRAPHICS, INC.,<br><br>          Defendants. | Case No. 2:16-cv-00100-ODW (AFMx)<br><br>**ORDER DENYING PARTIES' MOTION FOR ATTORNEY FEES AND NON-TAXABLE COSTS WITHOUT PREJUDICE [212], [213], [216], [217]** |

    Following the Court's entry of judgment (ECF No. 209), Defendant moved to recover their attorneys' fees and non-taxable costs. (*See* Def.'s Mot. for Att'y Fees, ECF No. 212.) Subsequently, Plaintiff moved to recover its entitled costs and attorneys' fees and non-taxable costs. (*See* Pls.' Mot. for Atty's Fees, ECF No. 216.) Thereafter Defendant filed a notice of appeal to the Ninth Circuit (ECF No. 221).[1]

    When an appeal on the merits is filed, a district court has discretion to rule on a claim for fees, defer its ruling on the motion, or deny the motion without prejudice and direct a new filing period for filing after the claim has been resolved. Fed. R. Civ.

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

P. 54(d)(2), Advisory Committee Notes (1993 Amendment); *Dufour v. Allen*, No. 2:14-cv-5616 CA (SSx), 2015 WL 12819170, at *2 (C.D. Cal. Jan. 26, 2015) ("[A] district court has the discretion to defer consideration of an attorneys' fee motion until resolution of the underlying case's appeal."). "Particularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." Fed. R. Civ. P. 58, Advisory Committee Notes (1993 Amendment). "District courts have exercised their discretion to defer ruling on a motion for attorneys' fees, or to deny the motion without prejudice to being renewed following disposition of the appeal." *Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-cv-1067-BEN (JLB), 2014 WL 2872219, at *2 (S.D. Cal. June 24, 2014).

Given the nature of Defendant's appeal, and upon consideration of the Parties' Motions for Attorney Fees and Non-Taxable Costs (ECF Nos. 212, 213, 216, 217), the Court **DENIES WITHOUT PREJUDICE** the Parties' Motions. If appropriate, Parties may renew their motions **within 30 days of the entry of the Ninth Circuit's Mandate on the pending appeal**.

**IT IS SO ORDERED.**

December 20, 2019

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**